UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTUMN WARD, as an individual and as Personal Representative of THE ESTATE OF MICHAEL JUSTIN WARD,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC ARCHITECTS AND ENGINEERS, LLC; PACIFIC ARCHITECTS AND ENGINEERS, INC.; and PAE AVIATION AND TECHNICAL SERVICES, LLC,<br><br>Defendants. | Case No.: 21-cv-00305-AJB-DDL<br><br>**ORDER ON PLAINTIFF'S REQUEST FOR CLARIFICATION**<br><br>[Dkt. No. 58] |

Plaintiff Autumn Ward requests clarification of the District Court's Order dated November 16, 2022 ("November 16 Order"), sustaining Defendants' objections to a prior discovery ruling. The District Court addressed a portion of the request for clarification and referred the remaining issues to the undersigned for resolution.

///

///

///

1

# I.
# BACKGROUND

On July 25, 2022, the Magistrate Judge ordered Defendants to produce to Plaintiff an investigation report ("Report") authored by Defendants' Safety Officer, Randy Van Dusen. Dkt. No. 45. Defendants timely objected. Dkt. No. 46. On November 16, 2022, the District Court sustained the objection, holding that the Report is "protected by attorney-client privilege" and that the Magistrate Judge erred in ordering Defendants to produce the Report to Plaintiff. Dkt. No. 56 at 9.

Plaintiff's requested clarification as to (1) whether the Order applied to *in camera* review of the Report, (2) whether the Order applied to a redacted version of the Report and (3) whether Mr. Van Dusen was properly instructed not to answer a deposition question regarding the goals of a site inspection following a death or serious injury. Dkt. No. 58. The District Court held that the issue of *in camera* review was both waived and moot and referred the remaining issues to the undersigned. Dkt. No. 61. Defendants responded to Plaintiff's request (Dkt. No. 63), and the Court held a hearing on November 30, 2022. This Order addresses Plaintiff's remaining requests.

# II.
# DISCUSSION

### A. Plaintiff's Request For The Redacted Report

Plaintiff requests clarification as to whether the November 16 Order "extends to a redacted version" of the Report – which Defendants previously offered to produce – as well as other documents authored by Mr. Van Dusen. Dkt. No. 58 at 4. Defendants oppose production of a redacted Report and represent that they have produced to Plaintiff "all non-privileged documents obtained by Mr. Van Dusen during his investigation, including witness interviews, statements, incident reports, and diving related documents." Dkt. No. 63 at 3.

The November 16 Order held that Defendants met their burden to establish that the Report is covered by attorney-client privilege. Dkt. No. 56 at 9. At the November 30

hearing, Plaintiff asserted that the Court should order production of the portions of the Report containing factual assessments made by Mr. Van Dusen at the investigation site without counsel present. But Plaintiff's attempt to carve out Mr. Van Dusen's "fact finding" is inconsistent with *Upjohn Co. v. United States*, 449 U.S. 383 (1981), irrespective of whether counsel was present during the site investigation. *See, e.g.*, *United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996) (*Upjohn* "make[s] clear that fact-finding which pertains to legal advice counts as 'professional legal services'").

Plaintiff points out that Defendants previously offered to provide a redacted version of the Report to resolve the discovery dispute in its early stages. Plaintiff rejected that offer, however, and elected to litigate the issue. Dkt. No. 63 at 4 n.2. The District Court subsequently concluded that the Report is privileged, and Plaintiff does not offer a legally cognizable basis to compel Defendants to re-extend the offer and thereby obligate Defendants to produce materials covered by the privilege. The Court **DENIES** Plaintiff's request to compel Defendants to produce a redacted version of the Report.

The Magistrate Judge ordered Defendants to produce "an unredacted version of the Investigation Report, along with any documents Mr. Van Dusen authored in connection with the Investigation Report, including, but not limited to, his witness interviews and memoranda containing his own impressions and analyses." Dkt. No. 45 at 11. Defendants represent that they have produced to Plaintiff "[a]ll non-privileged documents obtained by Mr. Van Dusen during his investigation." Dkt. No. 63 at 3 n.1 & 7-8. Although Defendants generally describe the documents they have produced to Plaintiff, it is not clear from the record whether Defendants are withholding documents in addition to the Report itself (*e.g.*, notes, drafts or materials collected by Mr. Van Dusen) on the basis of attorney-client privilege. Any such materials may fall within the scope of the attorney-client privilege, but Plaintiff is entitled to know whether Defendants are withholding any documents in addition to the Report itself.

The Court **DENIES WITHOUT PREJUDICE** Plaintiff's request to compel production of additional documents pertaining to the Report. If Defendants are

withholding any documents relating to Mr. Van Dusen's site inspection on the basis of attorney-client privilege (other than the Report itself), and if Defendants have not already provided a privilege log to Plaintiff, Defendants must provide a privilege log **by not later than December 19, 2022**. If there are any issues pertaining to Defendants' privilege log, the parties must meet and confer and raise any issues with the Court pursuant to Chambers Rule III(C) **by not later than December 27, 2022**.

### B.    Plaintiff's Request Re Mr. Van Dusen's Deposition

Plaintiff asserts the Court should order a further session of Mr. Van Dusen's deposition because (1) Defense counsel improperly instructed Mr. Van Dusen not to answer a question regarding his purpose in conducting a site investigation following a death or serious injury and (2) Plaintiff wishes to question Mr. Van Dusen about the redacted Report and additional documents. The Court addresses these assertions in turn.

The question at issue is as follows:

> Q:        So I have the three main goals then of a site visit being, one, causal factors; two, root cause analysis; and three, corrective actions.
>
> A:        Right.
>
> Q:        Any others?
>
> A:        No. That's typically it.
>
> Q:        Following a death or serious injury, aren't those three purposes still there in any site investigation that you would perform, causal factors, root cause analysis and corrective actions?
>
> Mr. Ou:  Objection, calls for speculation, lacks foundation, calls for attorney-client privilege and work product privilege. I'm going to instruct him not to answer.

Dkt. No. 58 at 5.

The parties initiated a telephonic conference with the Magistrate Judge, and Plaintiff's counsel explained that "[t]he line of questioning at issue here is regarding the scope of his site investigation, the site investigation done by Mr. Van Dusen." Dkt. No.

63-2 at 5.  When asked whether this question would be appropriate if the Report were determined to be privileged, Plaintiff's counsel responded that it would: "[s]o we would use this testimony to show that at least those sections of an incident report that [Mr. Van Dusen] completed following the August 22nd incident would have been completed regardless of the involvement of in house counsel." *Id.* at 7.

Mr. Van Dusen conducted the site investigation at the direction of counsel. Dkt. No. 56 at 5-6.  As such, the deposition question regarding the goals and scope of the investigation requested by counsel likely would require Mr. Van Dusen to divulge information protected by attorney-client privilege.  Moreover, the asserted basis for the question – to show that Mr. Van Dusen would have completed portions of the report "regardless of the involvement of in house counsel" – is not relevant to any claim or defense but rather goes to Plaintiff's argument that the Report is not covered by the attorney-client privilege.  The November 16 Order resolved that issue.

Plaintiff also seeks to re-open Mr. Van Dusen's deposition to question him about the redacted Report and other documents ordered to be produced by Judge Gallo.  However, the Court has concluded that Defendants are not obligated to produce a redacted Report, and Defendants assert that all non-privileged documents relating to the site inspection were produced to Plaintiff prior to Mr. Van Dusen's deposition. Dkt. No. 63 at 7-8.

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request to re-open Mr. Van Dusen's deposition.

**IT IS SO ORDERED.**

Dated:  December 7, 2022

*David Leshner*

Honorable David D. Leshner
United States Magistrate Judge